

1995 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-28-1995

# United States v Watkins

Precedential or Non-Precedential:

Docket 94-7258

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1995

Recommended Citation

"United States v Watkins" (1995). *1995 Decisions.* Paper 114.
http://digitalcommons.law.villanova.edu/thirdcircuit_1995/114

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1995 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


N0. 94-7258


UNITED STATES OF AMERICA

v.

GARY WATKINS, a/k/a Raheem Okbar

Gary Watkins,
Appellant



On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Crim. Action No. 93-cr-00243)


Argued October 28, 1994

BEFORE:  STAPLETON, HUTCHINSON and ROSENN, <u>Circuit Judges</u>

(Opinion Filed April 28, 1995)



James V. Wade
Federal Public Defender
Daniel I. Siegel (Argued)
Assistant Federal Public Defender
100 Chestnut Street
Harrisburg, PA  17101

Attorneys for Appellant


David M. Barasch
U.S. Attorney
Martin C. Carlson (Argued)
Assistant U.S. Attorney
Federal Building
228 Walnut Street

P.O. Box 11754
Harrisburg, PA  17101

Attorneys for Appellee


OPINION OF THE COURT


STAPLETON, Circuit Judge:

Gary Watkins appeals from the sentence enhancement he received under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e).  In the district court, Watkins challenged the assertion in the presentence report that he had previously been convicted of five violent felonies.  He argues that, as a result, the court should not have imposed an ACCA enhancement without requiring the government to produce a certified copy of each prior judgment of conviction.  We will affirm his sentence.


I.

One week after a federal grand jury charged Watkins with a number of firearms violations, the government filed an information putting him on notice that it would seek an enhanced sentence based upon four prior violent felony convictions.  The information identified one prior conviction for burglary and three prior convictions for robbery, all in the Court of Common Pleas of Dauphin County, Pennsylvania.  Watkins pled guilty to one count of the indictment.

The presentence report identified five prior felony convictions by the court of conviction, the case file number, the date of arrest, the date of sentencing, the offense charged (e.g., "Burglary," "Robbery") and the sentence imposed. In addition, the presentence report described the conduct leading to each conviction. Watkins' 1982 burglary conviction was reported to have been based on his entering a barber shop after hours and stealing two television sets, a hair dryer, a prism box, and $90 in cash. The robbery convictions were reported to have been based on the following incidents, each of which involved Watkins and two other confederates: On July 26, 1983, Watkins, armed with a sawed-off shotgun, robbed a grocery store; two days later, Watkins entered a cafe, threatened to shoot the person tending the cash register, and took $772 from the register while his companions robbed two store patrons of $363; on August 4, 1983, Watkins, armed with a sawed-off .22 caliber rifle, robbed a man of $182 as he left a bar; and on August 22, 1992, Watkins robbed a man in a car of $5 while he held a sawed-off shotgun to the victim's head.

Prior to the sentencing hearing, Watkins filed "Objections to Enhanced Sentencing" in which he refers to the convictions reported in the presentence report and states, without further elaboration, that he "denies that he has at least three prior convictions for violent felonies." At the sentencing hearing, the ambiguity inherent in this conclusory statement was clarified in the following colloquy:

The Court: All right. Do you wish to pursue your request concerning the application of the enhancement for the armed career criminal [act]?

Mr. Siegel: [Watkins' counsel] Yes, we do, Your Honor. Your Honor, I think the objections state--the written objections state [Watkins'] objection, which is that we do not consider him to be an armed career criminal, and specifically, we challenge the assertion that these prior convictions constitute violent felonies under the act. Thank you, Your Honor.

The Court: Mr. Carlson.

Mr. Carlson: [the prosecutor] Your Honor, I think it's quite clear that the defendant's prior criminal record does involve what would be violent felonies that would count under the armed career criminal statute, and his simple denial that he views them as violent crimes doesn't create any sort of factual issue that would merit the Court not pursuing the armed career criminal penalty.
     This man has a prior criminal record that involves burglary and robbery convictions, and those offenses are, by any definition, and by the definition in the statute, violent felonies which trigger the mandatory minimum 15-year sentence.

The Court: Yes. Well, from my review of the presentence report, I believe, too, that the conviction in 1982 for burglary, in 1984 for robbery, two counts, which is not counted as a separate offense for these purposes, and then the incident in 1992 of robbery[1] all

---

[1]. The court treated the 1984 convictions for the 1983 robberies as a single conviction for purposes of enhancement because they were consolidated for sentencing in the Court of Common Pleas of Dauphin County, Pennsylvania. We express no view on whether these convictions could each serve as a prior robbery conviction. Even if they are counted as a single conviction, Watkins still has two prior robbery convictions and one burglary conviction, providing the three convictions needed for enhancement under the ACCA. Watkins does not challenge the

> constitute crimes of violence that are three,
> at a minimum, and I think enhancement must be
> applied under the law.  How about acceptance
> of responsibility?

App. 23-24 (emphasis added).  Thereafter, Mr. Siegel did not speak further about his client's objection to an enhancement under the ACCA but went on to address the acceptance of responsibility issue.  Thus, the only enhancement issue presented in the district court was whether the five felony convictions identified in detail in the presentence report were "violent felonies" within the meaning of the ACCA.

Without the enhancement, the appropriate sentencing range under the guidelines would have been between 100 and 125 months, based on a total offense level of 24 and a criminal history category of VI.  With the enhancement and the 2 point reduction awarded by the court for acceptance of responsibility, Watkins' sentencing range was between 188 and 235 months.  The court imposed a sentence at the low end of the range, 188 months (15 years and 8 months).

## II.

The Armed Career Criminal Act, 18 U.S.C. § 924(e), requires the district court to impose a minimum 15 year term of imprisonment on defendants who are convicted under 18 U.S.C.

(..continued)
reliance of the district court on a felony conviction not identified in the information.

§ 922(g)(1) of possessing a firearm and who have three prior convictions for "violent felonies."  A "violent felony" is defined in 18 U.S.C. § 924(e):

> (2)  As used in this subsection--
> . . . .
> (B) The term "violent felony" means any crime punishable by imprisonment for a term exceeding one year . . . that--
>> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

In United States v. Taylor, 495 U.S. 575 (1990), the Supreme Court held that § 924(e)(2)(B)(ii)'s reference to "burglary" was not intended to include all crimes denominated "burglaries" under state law.  Rather, "'burglary' in § 924(e) must have some uniform definition independent of the labels employed by the various States' criminal codes."  Id. at 592.  The uniform definition chosen by the Court was expressed as follows:

> We conclude that a person has been convicted of burglary for purposes of a § 924(e) enhancement if he is convicted of any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime.

Id. at 599.

The Supreme Court further held in Taylor that, in order to determine whether a prior crime comes within this generic definition of burglary, a sentencing court should look to the

state's "statutory definition of the prior offense" of which the defendant was convicted.  Id. at 602.  Similarly, a sentencing court must look to the "statutory definition of the prior offense" to determine whether that offense comes within the scope of § 924(e)(2)(B)(i) or is an offense involving "conduct that presents a serious potential risk of physical injury to another" so as to qualify as a "violent felony" under § 924(e)(2)(B)(ii). However, when the "statutory definition of the prior offense" is broad enough to permit conviction based on conduct that falls outside of the scope of § 924(e)(2)(B), it becomes necessary to look beyond the statute of conviction.  Only in such cases may the sentencing court look to the facts of the particular case in order to determine whether the trier of fact necessarily found elements that would qualify the offense as a "violent felony" under § 924(e)(2)(B).  See United States v. Harris, 964 F.2d 1234, 1235 (1st Cir. 1992) (court may look to facts of the crime to determine if conviction under an  over-inclusive statute satisfies § 924(e)(2)(B)); United States v. Strahl, 958 F.2d 980, 984 (10th Cir. 1992) (same); United States v. Sweeten, 933 F.2d 765, 771-72 (9th cir. 1991) (same); United States v. Gallman, 907 F.2d 639, 645 n.7 (7th Cir. 1990) (same), cert. denied, 499 U.S. 908 (1991).


## III.

> Before us, Watkins makes a single argument:
> Given Mr. Watkins' objections, it is
> submitted that the government's failure to
> present documentary evidence of the prior

> convictions constituted a failure to meet its burden of proof.  At a minimum, the prosecutor at an ACCA sentencing hearing should be required to introduce into the record copies of the relevant judgments of conviction.

Appellant's Brief at 9.

Although we think it unlikely based on the district court record and the authority cited by Watkins, he may be arguing here that the information reported in the presentence report, without certified judgments of conviction, provided inadequate support for the district court's factual finding concerning his criminal history.  If so, we believe Watkins is clearly mistaken.  Watkins did not assert before the district court that the information provided in the presentence report was an inaccurate account of what had happened in the past.  Rather, his sole argument in the district court was that the information reported there, as a matter of law, did not satisfy § 924(e)(2)(B)'s requirement of three prior "violent felonies."  It is well established in this circuit, and all others, that a sentencing court may rely on the facts set forth in the presentence report when their accuracy is not challenged by the defendant.  See Fed. R. Crim. Proc. 32(b)(6)(D); United States v. Garcia, 544 F.2d 681, 684 (3d Cir. 1976) (failure to request evidentiary hearing on hearsay information in presentence report waives defendant's objection to sentencing court's reliance on such hearsay); United States v. Bregnard, 951 F.2d 457, 459 (1st Cir. 1991) (although assault and battery statutes included non-violent conduct, district court did not err in concluding that

prior assault and battery convictions were "violent felonies" when it relied, without objection by defendant, on the factual narrative of the prior convictions in the presentence report), cert. denied, 112 S. Ct. 2939 (1992).

As we have indicated, however, we think it more likely that Watkins is not challenging the district court's reliance on the presentence report as the basis for its findings of fact. His argument is, rather, that the information in the presentence report was inadequate (and certified copies of the judgments were required) to support the district court's legal conclusion that Watkins' prior convictions were for "violent felonies" within the meaning of § 924(e)(2)(B). This would be consistent with his argument to the district court and with his reliance on United States v. Potter, 895 F.2d 1231 (9th Cir.), cert. denied, 497 U.S. 1008 (1990). The court there suggested that a sentencing court "should have copies of the judgments of conviction before it when determining whether a defendant has previously been convicted of 'violent felonies' within the meaning of § 924(e)(1)." Id. at 1238. The court supported this suggestion with the following rationale:

> [I]t is important that the sentencing court and the appellate court be certain of the specific statutory sections under which the defendant previously was convicted; all too often a popular description of a prior offense will not enable the court to determine whether the relevant statute falls within the coverage of § 924(e)(1). Our analysis in Sherbondy directs the sentencing court and the court of appeals to the statutes under which the defendant previously was convicted to determine whether he was convicted of "violent felonies" within the

meaning of § 924(e)(1). The consequences of such determinations for the defendant are severe. Although the defendant may have done nothing more than be found in possession of a firearm, if the sentencing judge determines that he has been convicted of three prior "violent felonies," the court has no choice but to sentence him to prison for a minimum of fifteen years, with no possibility of parole. Given the gravity of the penalty and Sherbondy's emphasis on the statutory elements of the prior offense, we conclude that a court should have copies of the judgments of conviction before it when determining whether a defendant has previously been convicted of "violent felonies" within the meaning of § 924(e)(1), although we do not foreclose the possibility that a defendant's conviction under a specific statutory section or subsection might be established by some other form of clearly reliable evidence. A presentence investigation report does not meet even the latter requirement.

Id.

Watkins, however, overlooks the context in which this passage was written. The Potter court was concerned with the "quantum of proof necessary to determine that a given prior conviction was for a 'violent felony' under § 924(e)(1)" where the statute of conviction had several subsections defining particular offenses, not all of which would constitute "violent felonies." Id. at 1237. In Potter, one of the defendant's three prior convictions was for rape, but the California rape statute categorized certain deceptive, though non-violent, conduct as rape. Thus, the court found that the presentence report's "popular description" of a prior offense could not be used to establish under which subsection of a multi-section statute the

defendant previously was convicted. Id. at 1237-38. The court, however, affirmed the conviction, holding that the defendant failed to show that the district court's reliance on the presentence report prejudiced his rights because he had, in fact, conceded the application of § 924(e). Id. at 1238.

Watkins is forced to argue a far broader proposition than the one endorsed in Potter, however. Here, the information provided in the presentence report enabled the district court to ascertain with certainty the statutes of conviction and the statutes of conviction encompass only conduct that falls within the scope of § 924(e)(2)(B)(i) and (ii). Watkins cannot, and does not, assert otherwise.[2] As a result, Watkins is forced to argue for a per se rule that certified copies of the judgments of conviction are required in every case before a sentencing court may determine that the defendant's prior convictions are for "violent felonies" within the meaning of § 924(e)(2)(B). We find no persuasive justification for such an inflexible rule and decline to adopt it.

---

[2]. Watkins' burglary conviction was for violating 18 Pa.C.S.A. § 3502, Pennsylvania's only burglary statute, which defines burglary in a manner consistent with, though somewhat more narrowly than, the generic "burglary" that Congress intended in § 924(e)(2)(B)(ii).

Watkins' robbery convictions were for violating 18 Pa.C.S.A. § 3701, Pennsylvania's only robbery statute. We have previously held that conviction under this statute necessarily involves the "use or threat of physical force" which qualifies for ACCA treatment as a "violent felony." United States v. Preston, 910 F.2d 81, 86-87 (3d Cir. 1990), cert. denied 498 U.S. 1103 (1991).

IV.

The judgment of the district court will be affirmed.