

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-31-2002

# USA v. Motto

Precedential or Non-Precedential:

Docket 0-1106

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Motto" (2002). *2002 Decisions.* Paper 81.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/81

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 00-1106
_____

UNITED STATES OF AMERICA

v.

VINCENT MOTTO,
a/k/a VINNY

Vincent Motto,
                              Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
D.C. Criminal No. 99-cr-00075-2
(Honorable Stewart Dalzell)
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 12, 2001

Before:  BECKER, Chief Judge, SCIRICA and GREENBERG, Circuit Judges

(Filed:  January 31, 2002)
_____

MEMORANDUM OPINION
_____

SCIRICA, Circuit Judge.

    Vincent Motto pled guilty under a plea agreement to conspiracy to distribute
controlled substances within one thousand feet of a protected location (21 U.S.C.  846),
money laundering (18 U.S.C.  1956(a)(1)(B)(I)) and filing a false individual tax return
(26 U.S.C.  7206(1)).  Motto was sentenced to 135 months' imprisonment and 8 years'
supervised release.  He was also fined $5,000 and assessed $200.

On appeal, Motto contends the District Court erred in relying on inaccurate information in the Presentence Report resulting in a sentence greater than the government's recommendation.  He also claims error under Apprendi v. New Jersey, 530 U.S. 466 (2000).  We will affirm.

I.

After release from prison in July 1991, Vincent Motto started up a drug distribution conspiracy out of his home at 1943 South Jessup Street in Philadelphia, Pennsylvania.  Over the course of the conspiracy, Motto supplied large amounts of marijuana and cocaine for resale to Louis Acciavatti and Vincent Vitola.  He also sold cocaine to and purchased marijuana from Michael Cammarata.  At times, Motto would have hundreds of pounds of marijuana stored at his South Jessup Street residence and in various parked cars in South Philadelphia.

The District Court adopted the factual findings and sentencing guideline recommendations in the Presentence Report.  Motto's initial offense level was 28.  U.S.S.G.  2D1.1(c)(6).  Two levels were added because the offense occurred within 1000 feet of a protected area.  U.S.S.G.  2D1.2(a)(1).  Three levels were added for managing or supervising a conspiracy involving at least 5 people.  U.S.S.G.  3B1.1(b). Three offense levels were reduced because Motto accepted responsibility.  U.S.S.G. 3E1.1.  With an adjusted offense level of 30 and a Criminal History Category of III, the applicable sentence range was 121 to 151 months' imprisonment.  Motto stipulated to having a prior felony drug conviction, which brought him under the statutory mandatory sentence of 120 months' to life imprisonment.  21 U.S.C.  841(b)(1)(B). The District Court imposed a 135 month prison term.

II.

We lack jurisdiction to review the imposition of a sentence within the applicable guideline range, unless it is in violation of the law. 18 U.S.C. 3742(a). The District Court imposed a mid-range sentence, finding, inter alia, Motto not contrite (paragraphs 31, 89-95 of the Presentence Report). Motto asserts the District Court reached this conclusion in part because portions of paragraphs 90 and 91 were inaccurate. But Motto failed to raise these objections to the District Court. "It is well established in this circuit, and all others, that a sentencing court may rely on the facts set forth in the presentence report when their accuracy is not challenged by the defendant." U.S. v. Watkins, 54 F.3d 164, 167 (3d Cir. 1995). See also U.S. v. Bregnard, 951 F.2d 457, 460 (1st Cir. 1991) ("[F]acts stated in presentence reports are deemed admitted if they are not challenged in the district court."). Sentencing judges have discretion under U.S.S.G. 5C1.1 to impose any term of imprisonment within the defendant's applicable guideline range. We see no error in sentencing Motto to 135 months.

Motto claims the District Court erred by not following Apprendi, 530 U.S. 466. We disagree. In Apprendi, the Supreme Court held "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi, 530 U.S. at 490 (emphasis supplied). This is so because each fact that can change a defendant's potential punishment constitutes an "element" of the crime, which must be proved by a jury beyond a reasonable doubt. Applying a lesser standard of proof for elements of a crime would violate the defendant's Constitutional Due Process rights. But, "a District Court's sentence under the statutory maximum cannot be constitutionally objectionable under Apprendi." United States v. Williams, 235 F.3d 858, 863 (3d Cir. 2000), cert. denied, 122 S.Ct. 49 (2001).

Motto pled guilty to 21 U.S.C. 841(a), which is punishable under 841(b). The lowest maximum sentence prescribed under the section applicable (841(b)(1)(B)) to the attributable quantity of narcotics is 40 years' imprisonment. But the statutory maximum

increases to life imprisonment if the defendant "commits such a violation after a prior conviction for a felony drug offense has become final."  21 U.S.C. 841(b)(1)(B). Therefore, Motto's maximum sentence increased from 40 years to life because he stipulated to a prior final conviction for a felony drug offense.  (App. 75) (Plea Agreement   9(d)).  With an adjusted offense level of 30 and a Criminal History Category III, his guideline range was 121–151 months' imprisonment   at least 329 months less than the lower statutory maximum sentence under 841(b)(1)(B).  The District Court sentenced Motto in the middle of the range to 135 months' imprisonment at least 345 months less than the lower statutory maximum.  Had Motto been placed in Criminal History Category VI (the highest category), his guideline range would have been only 168 to 210 months' imprisonment   still at least 270 months less than the lower statutory maximum penalty under   841(b)(1)(B).   In light of Williams, a sentence of 135 months is not "constitutionally objectionable under Apprendi." 253 F.3d at 863.

                                III.

     For the foregoing reasons, we will affirm the judgment of the District Court.

TO THE CLERK:

Please file the foregoing opinion.


/s/   Anthony J. Scirica
Circuit Judge