

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-26-2003

# USA v. Kittoe

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-3556

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Kittoe" (2003). *2003 Decisions.* Paper 250.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/250

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

—————

No. 02-3556

—————

UNITED STATES OF AMERICA;

v.

ALBERT KITTOE,
a/k/a "Kwesi"

ALBERT KITTOE,
                    Appellant

—————

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
D.C. Crim. No. 99-cr-00704
District Judge:  The Honorable Mary Little Cooper

—————

Submitted Under Third Circuit LAR 34.1(a)
September 11, 2003

—————

Before: ALITO, BARRY, and AMBRO, Circuit Judges

—————

(Opinion Filed:    September 26, 2003    )

—————

OPINION

—————

BARRY, Circuit Judge

Appellant Albert Kittoe was charged in a ten-count superceding indictment with various crimes relating to his role in a conspiracy to import and export cocaine. On December 19, 2001, Kittoe pled guilty to Count One of the superceding indictment, charging conspiracy to distribute and to possess with intent to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. §§ 841 and 846. During the Rule 11 proceeding, Kittoe expressly admitted that, in furtherance of the conspiracy, he had purchased kilogram quantities of cocaine, packaged the cocaine in bed sheets for export, recruited couriers to deliver the cocaine to distributors in London, received money that the couriers brought back from the London distributors, and paid the couriers a fee for their services.

Sentencing took place on August 29, 2002. The presentence report (PSR) recommended a two-level enhancement in Kittoe's offense level for his role as a "manager or supervisor" in the conspiracy, pursuant to section 3B1.1(c) of the Sentencing Guidelines.[1] In support of this recommendation, the PSR detailed extensive facts concerning Kittoe's recruitment and direction of the couriers transporting cocaine to Europe. Although Kittoe filed no written objections to the PSR, Kittoe's counsel argued

---

[1] Section 3B1.1(c) of the Sentencing Guidelines provides for a two-level sentencing enhancement "[i]f the defendant was an organizer, leader, manager, or supervisor in any criminal activity" that did not involve "five or more participants or was otherwise extensive."

2

at sentencing that the two level adjustment was not warranted because other co-conspirators had played greater leadership roles in the conspiracy, and Kittoe had been under the direction of these other co-conspirators.

After considering counsel's argument, the District Court, relying on the facts of the conspiracy as set forth in the PSR, found that Kittoe had acted as a manager or supervisor for purposes of the section 3B1.1(c) enhancement based on his conduct in purchasing cocaine, preparing it for export, recruiting couriers, providing the couriers with airplane tickets and travel funds, arranging for the couriers to meet European distributors, and arranging for the couriers to return to the United States with the proceeds of the cocaine sales. After applying the two-level enhancement and a three-level reduction for acceptance of responsibility, the Court found that Kittoe's total offense level was 33, which, considering his criminal history category of I, resulted in a sentencing range of 135 to 168 months. The District Court sentenced Kittoe to 144 months imprisonment, five years of supervised release, a $1,000 fine, and a $100 special assessment.

Kittoe argues that the District Court erred in finding that he was a manager or supervisor for the purposes of the two-level enhancement under section 3B1.1(c) of the Guidelines. He contends, more specifically, that the District Court failed to properly consider the factors listed in the commentary to section 3B1.1 in making its determination. We review the District Court's findings of fact supporting a sentencing enhancement for clear error, but apply plenary review to its interpretation of the

3

Sentencing Guidelines. <u>United States v. Bethancourt</u>, 65 F.3d 1074, 1080 (3d Cir. 1995). We will find the District Court's factual findings clearly erroneous only if "we are 'left with the definite and firm conviction that a mistake has been committed.'" <u>United States v. Bass</u>, 54 F.3d 125, 128 (3d Cir. 1995) (quoting <u>United States v. United States Gypsum Co.</u>, 333 U.S. 364, 395 (1948)).[2]

Upon review of the record, we discern no error in the District Court's interpretation and application of section 3B1.1(c). In determining that Kittoe was a manager or supervisor, the District Court, contrary to Kittoe's allegations, expressly considered the relevant factors set forth in the commentary to section 3B1.1:

> the exercise of decision making authority, the nature and participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in the planning or organizing of the offense, the nature and scope of the illegal activity, and the degree of control or authority exercised over others.

U.S.S.G. § 3B1.1 cmt. n.4. Although the District Court recognized that not all of the factors were present in Kittoe's case, it concluded that most of them were, justifying the enhancement. This conclusion comports with our precedent. <u>See</u> <u>Bass</u>, 54 F.3d at 128 ("Evidence of every factor is not a prerequisite to a finding that the defendant is a leader or organizer under § 3B1.1 . . . .").

Kittoe's argument that he was not a manager or supervisor simply because he was

---

[2] We have jurisdiction over Kittoe's appeal pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

not the primary leader or organizer of the conspiracy misconstrues what is required. A defendant need not be the primary leader of the conspiracy for the enhancement to apply. Rather, "the enhancement is only appropriate if the defendant directed and controlled at least one individual." United States v. Bethancourt, 65 F.3d at 1081.

With the appropriate legal standard in mind, we conclude that the District Court's factual finding that Kittoe indeed played a managerial or supervisory role in the conspiracy was not clearly erroneous. Rule 32(i)(3)(A) of the Federal Rules of Criminal Procedure provides that in imposing sentence, a District Court "may accept any undisputed portion of the presentence report as a finding of fact." See also United States v. Watkins, 54 F.3d 163, 166-67 (3d Cir. 1995) ("It is well established . . . that a sentencing court may rely on the facts set forth in the presentence report when their accuracy is not challenged by the defendant."). Because Kittoe did not file objections to the PSR, the District Court was entitled to rely on its extensive descriptions of his supervision of the co-conspirator couriers. Moreover, Kittoe expressly admitted at his plea hearing that he had purchased cocaine, packaged it for export, recruited couriers to deliver it, and paid the couriers for their services. These admissions, combined with the uncontested facts contained in the PSR, are sufficient to support the District Court's factual determination.

We will affirm the judgment of sentence.

TO THE CLERK OF THE COURT:

     Kindly file the foregoing Opinion.


                                            _____
                                            Circuit Judge