

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-22-2003

# USA v. Nunez

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-1380

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Nunez" (2003). *2003 Decisions.* Paper 35.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/35

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

NO. 03-1380

———————

UNITED STATES OF AMERICA

v.

FRANCISCO NUNEZ
Appellant

———————

On Appeal From the District Court of the Virgin Islands
(D.C. Crim. Action No. 02-cr-00097)
District Judge:  Honorable Thomas K. Moore

———————

Argued December 10, 2003

BEFORE:  NYGAARD, BECKER and STAPLETON, <u>Circuit Judges</u>

(Opinion Filed December 22, 2003)

———————

Douglas J. Beevers (Argued)
Office of Federal Public Defender
P.O. Box 1327, 51B Kongens Gade
Charlotte Amalie, St. Thomas, USVI 00804
 Attorney for Appellant

Anthony J. Jenkins
Office of the United States Attorney
5500 Veterans Building, Suite 260
Charlotte Amalie, St. Thomas, USVI 00802-6924
  and
David M. Nissan
United States Attorney
Bruce Z. Marshack (Argued)
Office of the United States Attorney
1108 King Street, Suite 201
Christiansted, USVI 00820
  Attorneys for Appellee

---

OPINION OF THE COURT

---

STAPLETON, Circuit Judge:

Appellant Francisco Nunez pled guilty to unlawful entry after deportation, in violation of 8 U.S.C. § 1326(a) and (b). The presentence report recommended a sixteen-level enhancement because Nunez had previously been convicted of a "drug trafficking offense" within the meaning of U.S.S.G. § 2L1.2(b)(1)(A)(i). The District Court accepted this recommendation and sentenced Nunez to forty-six months of incarceration followed by three years of supervised release. He appeals, asserting that this was reversible error.

Guideline § 2L1.2(b)(1)(A)(i) requires a sentencing court to increase a defendant's offense level by 16 where that defendant has been previously deported after

2

"a conviction for a felony that is . . . a drug trafficking offense for which the sentence exceeded 13 months." A "drug trafficking offense" is defined in the Guidelines commentary as:

> an offense under federal, state, or local law that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

U.S.S.G. § 2L1.2, comment., n.1(B)(iii). The Guidelines commentary further provides that conspiracies and attempts to commit such offenses are included in "drug trafficking offenses." U.S.S.G. § 2L1.2, comment., n.4.

Nunez concedes that he was deported following his conviction in a New York state court of violating N.Y. Penal Law § 220.39, which provides as follows:

> Criminal sale of a controlled substance in the third degree: A person is guilty of criminal sale of a controlled substance in the third degree where he knowingly and unlawfully sells: 1. A narcotic. N.Y. Penal Law § 220.39 (1999).

New York's controlled substance statute defines "sell" as follows:

> *Controlled substances: definitions*: (1) "Sell" means to sell, exchange, give or dispose of to another, or to offer or agree to do the same. N.Y. Penal Law § 220.00 (1999).

The New York indictment charged Nunez with having "knowingly and unlawfully sold to a police officer known to the Grand Jury, a narcotic drug, to wit, cocaine" on May 14, 1997, in the County of New York.

3

When Nunez pled guilty to this charge, the judge questioned him to establish the factual basis for his plea. The following exchange occurred:

> THE COURT: Is it true that in New York County on June 5, 1997, you knowingly unlawfully sold to another individual a substance containing a narcotic drug weighing one half ounce or more.
> Is that true?
>
> DEFENDANT NUNEZ: Yes.
>
> THE COURT: What was the drug?
>
> DEFENDANT NUNEZ: Cocaine.
>
> THE COURT: Where did this sale occur?
>
> DEFENDANT NUNEZ: Amsterdam Avenue
>
> THE COURT: What street?
>
> DEFENDANT NUNEZ: 141st Street.
>
> THE COURT: Was that about six in the evening?
>
> DEFENDANT NUNEZ: I don't remember exactly.
>
> THE COURT: But, it was later in the day? It wasn't in the morning, was it? Was it more later in the day.
>
> DEFENDANT NUNEZ: In the afternoon..

Appellee's App. at 17-18.

Nunez insists that one can violate N.Y. Penal Law § 220.39 "without proof of either possession or distribution." Accordingly, he concludes that his "conviction does not fit the guideline definition."

4

We are satisfied that Nunez's New York conviction was for a "drug trafficking offense" and that a sixteen-level enhancement was required. We may assume *arguendo* that there may be peripheral cases within the scope of § 220.39 that involve neither possession nor distribution. This does not aid Nunez, however. The offense Nunez committed, as described by him at the time of his plea, is at the heart of a statute prohibiting the trafficking in controlled substances. Even when a court applies a categorical approach to determining the character of a prior conviction, as Nunez urges us to do here, there is an established exception to the rule that the statutory elements and not the underlying facts control. "When the 'statutory definition of the prior offense' is broad enough to permit conviction based on conduct that falls outside the scope of [the enhancement provision], it becomes necessary to look beyond the statute of conviction. Only in such cases may the sentencing court look to the facts of the particular case in order to determine whether the trier of fact necessarily found elements that would qualify the offense" under the enhancement provision. *United States v. Watkins*, 54 F.3d 163 (3d Cir. 1995). Here, the fact finder – the New York judge – clearly found all of the elements of a "drug trafficking offense" within the meaning of U.S.S.G. § 2L1.2.

The judgment of the District Court will be affirmed.


/s/ Walter K. Stapleton
Circuit Judge