

Opinions of the United
States Court of Appeals
for the Third Circuit

8-11-2004

# USA v. Fetzner

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-3692

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation
"USA v. Fetzner" (2004). *2004 Decisions.* Paper 401.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/401

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 03-3692

———

UNITED STATES OF AMERICA


v.

DONALD N. FETZNER,

Appellant

———

On Appeal from the United States District Court
for the Western District of Pennsylvania
(Dist. Court No. 02-cr-00006E)
District Judge: Honorable Sean J. McLaughlin

———

Submitted Under Third Circuit LAR 34.1(a)
June 24, 2004


Before: NYGAARD, MCKEE and CHERTOFF, Circuit Judges.


(Filed:  August 11, 2004)

———

OPINION

———

CHERTOFF, Circuit Judge.

Pursuant to a plea agreement, Appellant Donald N. Fetzner pled guilty to one count of conspiracy to defraud the United States of income tax revenues in violation of 18 U.S.C. § 371. He was sentenced to 25 months imprisonment under the 1998 Sentencing Guidelines based on a total offense level of 13 and a criminal history category of IV.[1] The District Court relied on the plea agreement to calculate Fetzner's base offense level of 14. The District Court then: (1) granted the Government's motion for a two-level enhancement under § 3E1.1, finding that Fetzner was an "organizer, leader, manager or supervisor" of the conspiracy; and (2) granted Fetzner's unopposed motion for a three-level reduction under § 3E1.1 for acceptance of responsibility. Fetzner appeals the former. We will affirm.

The Government first contends that this Court lacks jurisdiction to hear Fetzner's appeal because, in the plea agreement, Fetzner waived his right to appeal his sentence if the sentence imposed was based on a total offense level of 13.[2] Fetzner responds that the

_____

[1] The District Court used the November 1, 1998 version of the Guidelines because they were the Guidelines in effect during the commission of the offense and because they were less onerous than those in effect at the time of Fetzner's sentencing (the November 1, 2002 guidelines). See United States v. Corrado, 53 F.3d 620, 622-23 (3d Cir. 1995).

[2] In relevant part, the original plea agreement read:

The parties agree that the criminal tax loss in this case is between $120,000 and $200,000. Moreover, the parties agree that based on that criminal tax loss range, the base offense level . . . is fifteen (15). The parties further agree that after the two point reduction in offense level for acceptance of

2

waiver provision was altered by a Government letter dated August 22, 2003, which

stated:

> [W]e have agreed that Mr. Fetzner's overall offense level, relative to the tax loss issue, should be reduced by one level from a level 15 to a level 14, resulting in an offense level of 12, after the two level reduction for acceptance of responsibility.[3]

Appellant's Appx. at 43a. It is unclear under the agreement and amendment whether a

total offense level of 13 or of 12 would trigger the waiver of Fetzner's appeal rights.

Since the Government's letter creates the ambiguity, we will construe it in favor of

Fetzner. In any event, Fetzner's waiver is not enforceable unless it was made

"knowingly and voluntarily." See United States v. Khattak, 273 F.3d 557, 561 (3d Cir.

2001). In Khattak, we relied heavily on the fact that the district court had made an

inquiry as to "Khattak's understanding of his waiver and its effects." Id. at 560, 563.

The plea colloquy includes no inquiry into Fetzner's "understanding of his waiver and its

effects," and, therefore, we will not enforce it.

Even so, we will affirm on the merits. A District Court's determination that a

---

responsibility, pursuant to U.S.S.G. § 3E1.1, Donald N. Fetzner's final offense level is thirteen (13). *If Donald N. Fetzner is sentenced on the basis of an offense level of thirteen (13), he and the United States Attorney waive their respective rights to appeal the sentence under Title 18, United States Code, Section 3742.*

Appellant's App. at 41a (emphasis added).

[3] The letter also preserved the Government's right to seek an enhancement under § 3B1.1. See Appellant's App. at 43a.

defendant was a "manager" or "supervisor" under § 3B1.1 is "essentially factual in nature and, therefore, we will reverse the findings of the district court only for clear error." United States v. Hunter, 52 F.3d 489, 491-92 (3d Cir. 1995).

Fetzner first contends that the indictment does not contain sufficient facts to support an enhancement of his offense level for being an "organizer, leader, manager or supervisor" of the conspiracy. We disagree, but more importantly, the District Judge need not have restricted his § 3B1.1 fact-finding to the indictment. See United States v. Watkins, 54 F.3d 163, 166-67 (3d Cir. 1995). Rather, the District Court was free to consider all of the facts adduced, including the presentence report and Fetzner's own plea colloquy testimony. Id. Fetzner's colloquy testimony alone is sufficient for us to conclude that the District Court did not clearly err in finding that Fetzner was an organizer, leader, manager or supervisor of the conspiracy.

During his plea colloquy, Fetzner was asked the following questions and gave the following answers:

> [Q]: There were things with respect to taxes that were done and done wrong, where the true revenue wasn't reported, correct?
> [A]: Yes, sir, *it was my responsibility to make sure it was done right and I didn't oversee it the way I should of, [sic] so I am guilty.*
> . . . .
> [Q]: Elaine [(Fetzner's only co-conspirator)] worked *for* you, correct?
> [A]: Yes, sir.
> [Q]: You acknowledged that the receipts from that business were not correctly reported to the Internal Revenue Service, correct?
> [A]: That's correct, yes, sir.
> [Q]: *She was following procedures that were set up, correct?*
> [A]: *Yes, sir.*

4

Appellee's Supp. App. at 11-12 (emphasis added).  Fetzner admitted that he was the organizer, leader, manager or supervisor of the conspiracy.  Even if he supervised only one other person in the conspiracy, that would suffice.  See United States v. Bethancourt, 65 F.3d 1074, 1081 (3d Cir. 1995); United States v. Katora, 981 F.2d 1398, 1402 (3d Cir. 1992).  And there was ample additional evidence of supervision and leadership.

For the foregoing reasons, the order of the District Court will be affirmed.

———