

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-9-2008

# USA v. Gutierrez-Gainza

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3002

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Gutierrez-Gainza" (2008). *2008 Decisions.* Paper 866.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/866

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No: 07-3002

UNITED STATES OF AMERICA

v.

NELKIS GUTIERREZ-GAINZA,

Appellant

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Court No. 05-cr-432
District Judge: The Honorable Jan E. DuBois

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
July 3, 2008

Before: RENDELL, SMITH, and FISHER, *Circuit Judges*

(Filed: July 9, 2008 )

OPINION

SMITH, *Circuit Judge*.

On June 26, 2007, the United States District Court for the Eastern District of

Pennsylvania sentenced Nelkis Gutierrez-Gainza to a term of imprisonment of twenty

years pursuant to 21 U.S.C. § 841(b)(1)(A)(ii), which provides that any person convicted

of distributing five kilograms or more of cocaine "after a prior conviction for a felony drug offense has become final . . . shall be sentenced to a term of imprisonment which may not be less than 20 years . . . ." Gutierrez-Gainza appeals his sentence, arguing that the Government did not prove by a preponderance of the evidence that he had a prior felony drug conviction. The District Court had subject matter jurisdiction over the case pursuant to 18 U.S.C. § 3231, and we have appellate jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We will affirm the District Court's judgment of sentence.

A grand jury returned a superseding indictment on November 22, 2005, charging Gutierrez-Gainza and a co-defendant with conspiracy to distribute and to possess with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 846 (Count One), and distributing and aiding and abetting the distribution of five kilograms or more of cocaine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Count Two). On October 13, 2006, the Government filed an Information pursuant to 21 U.S.C. § 851 alleging that a Minnesota state court had convicted Gutierrez-Gainza of aiding and abetting possession of a controlled substance, a fifth-degree felony offense punishable by imprisonment for up to five years. The Pre-Sentence Report ("PSR") indicated that Gutierrez-Gainza had pleaded guilty to this offense on October 14, 2003 and received a suspended sentence of 21 months of imprisonment. A jury found Gutierrez-Gainza guilty of Counts One and Two on October 30, 2006. At the sentencing hearing, Gutierrez-Gainza's counsel argued that the Government had failed to meet its burden of proof to

establish that the Minnesota conviction had not been overturned and that the man convicted in Minnesota was the same person. The District Court rejected these arguments. Relying on the Minnesota conviction, the District Court sentenced Gutierrez-Gainza on July 26, 2007 to the mandatory minimum penalty of twenty years of imprisonment prescribed by § 841(b)(1)(A)(ii) for defendants with a prior felony drug conviction, along with a ten-year period of supervised release and monetary penalties. Gutierrez-Gainza filed a timely notice of appeal.

The Government bears the burden of proving the fact of a prior conviction by a preponderance of the evidence. *United States v. Coleman*, 451 F.3d 154, 161 (3d Cir. 2006). The Federal Rules of Evidence do not apply to sentencing hearings. *See* FED. R. EVID. 1101(d)(3). Instead, "the court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy." U.S.S.G. § 6A1.3(a). We review a District Court's factual findings related to sentencing for clear error. *United States v. Grier*, 475 F.3d 556, 568–70 (3d Cir. 2007) (en banc).

First, Gutierrez-Gainza argues that the Government failed to prove the fact of his Minnesota conviction by a preponderance of the evidence because it did not introduce a certified copy of the conviction. Instead, the Government introduced (1) a transcript of the Minnesota plea and sentencing hearing; (2) a letter from the Probation Office of the United States District Court for the District of Minnesota regarding the prior conviction;

3

(3) search results for Gutierrez-Gainza's name from the Statewide Supervision System of the Minnesota Department of Corrections that mention the conviction; (4) a copy of his record in the FBI's National Crime Information Center ("NCIC") database that mentions the Minnesota conviction; (5) the Minnesota criminal complaint; and (6) the Minnesota case history summary. Gutierrez-Gainza asserts that these documents were insufficient because they would not necessarily indicate whether his conviction had been overturned. In contrast, he asserts, the Clerk's Office in Minnesota would review his file and confirm that the conviction had not been overturned before providing a certified conviction. Gutierrez-Gainza does not claim, however, that his conviction has been overturned but rather that the Government did not satisfy its burden to show that it has *not* been overturned.

In this case, in which the defendant has not even made a bare assertion that his conviction was actually overturned, the documents that the Government introduced are sufficient to establish a prior conviction for purposes of § 841(b)(1)(A)(ii). In *United States v. Watkins*, we stated that a court may impose a sentencing enhancement under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), without requiring the Government to produce a certified copy of the defendant's prior convictions. 54 F.3d 163, 166–68 (3d Cir. 1995). We specifically noted that a sentencing court may rely on facts in a PSR when the defendant does not challenge their accuracy. *Id.* at 166–67. A similar approach is warranted for mandatory minimum sentences under

4

§ 841(b)(1)(A)(ii). When a defendant offers no assertion that his conviction was overturned, a sentencing court does not commit clear error by concluding that the Government is not required to produce a certified copy of the conviction in order to show by a preponderance of the evidence that a valid conviction exists.

Second, Gutierrez-Gainza argues that the Government did not prove that he is the same person who was convicted in Minnesota. Again, his argument is based solely on the Government's burden of proof; he does not assert that the person convicted in Minnesota actually was a different person. He argues that, in order for the Government to meet its burden of proof, "[e]ither an arresting officer should identify the Appellant or an expert should come in to court and compare fingerprints to verify" that his fingerprints match the ones on file for the Minnesota conviction. Br. of Appellant 11. Because we believe that the District Court has the discretion to determine when such measures are necessary to verify a defendant's identity, we decline to create a rule that they are required in every case as part of the Government's burden of proof. In the instant case, the District Court made an undisputed finding that Gutierrez-Gainza's name and date of birth matched those of the man convicted in Minnesota, and Gutierrez-Gainza never asserted that the conviction was not his. Given these facts, we hold that the District Court's finding that Gutierrez-Gainza had a prior Minnesota conviction was not clearly erroneous.

We will affirm the District Court's judgment.

5