NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2328
_____

UNITED STATES OF AMERICA

v.

CURTIS WALDRON,
Appellant
_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 1-10-cr-00261-001)
District Judge: Honorable William W. Caldwell
_____

Submitted Under Third Circuit LAR 34.1(a)
January 10, 2012

Before:  SCIRICA, RENDELL and SMITH, Circuit Judges

(Opinion Filed: January 17, 2012)
_____

OPINION OF THE COURT
_____

RENDELL, Circuit Judge.

Defendant Curtis Waldron appeals his criminal sentence, arguing that the District

Court erred in failing to reduce the offense level for the crime to which he pled guilty,

escape from official detention, in violation of 18 U.S.C. § 751(a) .  We disagree with his

argument and will affirm.

Waldron, serving a federal felony sentence for various drug convictions, was in federal custody at a halfway house in Harrisburg, Pennsylvania. On April 24, 2010, Waldron was given permission to leave the halfway house in order to work at a nearby McDonald's. Waldron failed to return to the halfway house. A warrant was issued for his arrest. A few days later, Waldron was arrested in York County, Pennsylvania.

At the time of his arrest, Waldron was found in a bed in a private residence. Next to the bed, law enforcement officers executing the warrant found a bag containing $1,400 and crack cocaine. The owner of the residence in which Waldron was found asserted that the bag belonged to Waldron. Waldron denied possession. As a result, Waldron was arrested on state charges of possession with intent to distribute cocaine and possession of a small amount of marijuana.

On September 28, 2010, Waldron entered a guilty plea to a one-count information, charging him with escape from official detention, in violation of 18 U.S.C. § 751(a). The District Court conducted a sentencing hearing in May 2011. At that time, the state felony charges against Waldron were still pending. The District Court sentenced Waldron to 18 months' imprisonment and three years of supervised release.

Section 2P1.1(a)(1) of the United States Sentencing Guidelines sets the base offense level for the crime of escape at 13. Section 2P1.1(b)(3) instructs the district court to decrease the base offense level by 4 if the defendant escapes from a halfway house. However, that reduction does not apply if, while the defendant was away from the halfway house, he committed any federal, state, or local felony. U.S.S.G. § 2P1.1. Waldron argues that the District Court should have reduced his base offense level

2

pursuant to § 2P1.1(b)(3) because, at the time of the sentencing, the state felony charges against him were still pending. Additionally, the Government put forth no evidence, other than the facts in the Presentence Report, which proved by a preponderance of the evidence that Waldron committed another felony during the period of his escape. Waldron did not object to any of the facts contained in the Presentence Report.

The District Court did not clearly err in finding, by a preponderance of the evidence, that Waldron committed a felony during his period of escape. *See United States v. Aquino*, 555 F.3d 124, 127 (3d Cir. 2009) (reviewing findings of fact for clear error). The fact that the state charges were merely pending against Waldron does not foreclose the District Court from concluding that Waldron committed a felony during his escape. In reaching that conclusion, "a sentencing court may rely on the facts set forth in the presentence report when their accuracy is not challenged by the defendant." *United States v. Watkins*, 54 F.3d 163, 166-67 (3d Cir. 1995) (citing Fed. R. Crim. P. 32(b)(6)(D)). The Government was under no obligation to produce independent evidence of Waldron's possession with intent to distribute because Waldron did not object to the Presentence Report. The District Court was entitled to rely on the facts contained in the Presentence Report, and able to conclude that Waldron committed a felony due to his possession of crack cocaine and $1,400.

Therefore, the District Court did not err in declining to reduce Waldron's offense pursuant to § 2P1.1(b)(3). Accordingly, we will affirm the judgment of the District Court.