NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 18-3222

UNITED STATES OF AMERICA

v.

DOHERTY KUSHIMO,

Appellant

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 1-14-cr-00012-001)
District Judge: Honorable David S. Cercone

Submitted Under Third Circuit L.A.R. 34.1(a)
November 13, 2019

Before: AMBRO, KRAUSE, and BIBAS, Circuit Judges

(Opinion filed: November 14, 2019)

OPINION*

AMBRO, Circuit Judge

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

The Government prosecuted Doherty Kushimo for engaging in a complex identity theft scheme involving over 11,000 individuals' identities and an attempted loss of over $69 million. Kushimo pled guilty to one count of conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349 and nine counts of aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1). The District Court sentenced him to 72 months' imprisonment on the conspiracy count and a consecutive 24-month sentence on the identity theft counts, and ordered him to pay $335,725 in restitution.

Kushimo appeals, challenging his sentence on the basis that the District Court clearly erred in finding him an organizer or leader of the conspiracy and in applying to him an incorrect loss amount. He also argues that the length of his sentence was substantively unreasonable in that it overstated his personal culpability, considering that he was a first-time offender. We disagree and will thus affirm.[1]

## I.      Background

From at least 2010 to 2014, Kushimo participated in a sophisticated conspiracy wherein the conspirators used stolen identities, including unlawfully procured social security information, to obtain money through fraudulent tax returns and stolen credit cards. Kushimo's role in the conspiracy was to open bank accounts into which the conspirators could deposit the fraudulently obtained money and to acquire credit cards. This involved actively creating, obtaining, and trading false identifications to open the

---

[1] The District Court had jurisdiction per 18 U.S.C. § 3231. We have appellate jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)(1).

accounts and acquire the credit cards. Kushimo also frequently assisted other conspirators in obtaining false identifications and provided them with instructions and directions. A search of Kushimo's residence conducted via a valid warrant revealed more than 1,100 credit cards obtained with stolen identifications, a shoebox containing printouts of over 50,000 stolen identities, and additional paperwork regarding the fraudulently opened bank accounts.

Kushimo entered into a plea agreement with the Government. The presentence report ("PSR") recommended a total offense level of 36, a criminal history category of I, and a Guidelines range of 188 to 235 months on the conspiracy count and at least a 24-month consecutive sentence on the remaining aggravated identity theft counts. As relevant here, Kushimo objected to the PSR's recommendation for enhancement based on the loss amount and on his role as an organizer or leader.

The District Court, after considering Kushimo's objections to the PSR, issued a tentative ruling assigning Kushimo a total offense level of 30, which carried with it a Guidelines range of 97 to 121 months for the conspiracy count. It rejected the PSR's sentencing recommendation on the loss amount because it found that the Government had failed to show that Kushimo participated in the scheme before 2010, and thus he was responsible for only the loss amount from 2010 to 2014. The Court also exercised its discretion to require only one of the 24-month identity theft sentences to run

consecutively.[2] However, it adopted the PSR's recommendation of a four-level increase based on Kushimo's role as an organizer or leader of the scheme, over Kushimo's objection, because it found that he was "actively running the conspiracy," App. 7 (citation omitted), served as a "central hub for the coordination of the co-conspirators' various needs in orchestrating the scheme," App. 16, and "acted as the central repository for the sources of information and assistance," App. 17. As previously noted, it imposed a sentence of 72 months for the first count and a consecutive 24-month sentence for the remaining counts.

## II.    Discussion

### A.    Organizer or Leader

Kushimo argues that the District Court erred in applying a four-level sentencing enhancement under § 3B1.1 because his co-conspirator Abiodun Bakre did not receive the same enhancement despite the Government's allegedly presenting the same evidence for both defendants and presenting no evidence that Kushimo controlled anyone.[3]

We review a District Court's application of § 3B1.1 of the Sentencing Guidelines for clear error. *United States v. Thung Van Huynh*, 884 F.3d 160, 165 (3d Cir. 2018). Subsection 3B1.1(a) provides for a four-level enhancement if "the defendant was an

---

[2] 18 U.S.C. § 1028A(b)(4) requires that at least one aggravated identity theft sentence run concurrently but gives the District Court discretion whether to require additional identity theft sentences to run concurrently.

[3] We recently affirmed Bakre's sentence. *See United States v. Bakre*, ___ Fed. App'x ___, 2019 WL 5078647 (3d Cir. Oct. 10, 2019).

4

organizer or leader of a criminal activity that involved five or more participants."
U.S.S.G. § 3B1.1(a). We require that "the defendant must have exercised some degree of control over others involved in the commission of the offense." *United States v. Helbling*, 209 F.3d 226, 243 (3d Cir. 2000) (citation omitted).

As to Kushimo's first argument, just because the District Court did not apply the enhancement to Bakre does not mean it was "somehow bound . . . to reach the same decision [here]." *Thung Van Huynh*, 884 F.3d at 170 n.4. Notwithstanding that, the Court based its decision to apply the enhancement to Kushimo on unrebutted email evidence set out in the PSR and the testimony of the FBI Special Agent leading the investigation that Kushimo was "actively running" the conspiracy, acting as a "central hub" for the coordination of the conspiracy, and "provid[ing] . . . guidance" in the form of directions and instructions, App. 17, to co-conspirators who frequently consulted with him for help. Further, he opened and controlled the bank accounts that were necessary to the scheme. There is no indication that this same evidence was presented to the District Court for Bakre's sentencing hearing. Accordingly, the District Court did not clearly err.

Relatedly, Kushimo argues that, because others organized the scheme, he was merely a "participant." This argument also fails because the Guidelines make clear that there may be more than one organizer or leader of a conspiracy. *See* U.S.S.G. § 3B1.1 cmt. n.4 ("There can, of course, be more than one person who qualifies as a leader or organizer of a criminal association or conspiracy.").

5

As to his second argument, Kushimo contends that the Government failed to meet its burden in showing that he controlled anyone because it never produced the emails allegedly demonstrating that he was coordinating and instructing others in running the conspiracy—the PSR and the Agent only summarized the content of these emails. However, Kushimo failed to object to the contents of the emails as described in the PSR or in the Agent's testimony. Thus, the Court properly adopted the facts set out in the PSR. *United States v. Watkins*, 54 F.3d 163, 166–67 (3d Cir. 1995); *see also* Fed. R. Crim. P. 32(i)(3) ("At sentencing, the court . . . may accept any undisputed portion of the presentence report as a finding of fact . . . .").

Accordingly, the District Court did not clearly err in applying the enhancement for being an organizer or leader.

### B. *Intended Loss Amount*

Kushimo argues that the District Court's application of an 18-level increase based on the intended loss amount attributable to him is clearly erroneous. We review the District Court's loss calculation for clear error. *United States v. Dullum*, 560 F.3d 133, 137 (3d Cir. 2009). For certain financial crimes as this one, § 2B1.1(b) provides for an offense-level enhancement based on the size of the loss. "The court need only make a reasonable estimate of the loss." U.S.S.G. § 2B1.1 cmt. n.3(C).

The Guidelines provide that for fraud cases the "loss is the *greater* of actual loss or intended loss." U.S.S.G. § 2B1.1, cmt. n.3(A); *see also Dullum*, 560 F.3d at 138.

6

Thus, Kushimo's first argument—that the District Court should have used the actual loss amount of $450,000 rather than the intended loss amount of $7,461,713.97—fails.

Kushimo also argues that the District Court clearly erred when it determined that he was responsible for 18% of the intended loss. He contends that he was only personally responsible for 16% of the loss (intended or actual) because a spreadsheet prepared by an FBI intern listing the bank accounts associated with the conspiracy allegedly showed that only 16% of the accounts were associated with Kushimo. But the District Court did not rely on this spreadsheet in calculating the loss—rather, it based it on the testimony of the Agent who took a sampling of 10% of the bank accounts to determine the intended loss and culpability and found that, based on the sampling, 18% was attributed to Kushimo and his co-defendant. The Court found this sampling method a "grossly-accurate assessment of defendant's involvement in the entire scheme." App. 10. Because the testimony of the Agent supports its finding, and only a "reasonable estimate" of the loss is required, the District Court did not clearly err.[4]

C.      *Substantive Reasonableness*

Finally, Kushimo claims his sentence is substantively unreasonable. We review the District Court's imposition of a sentence for "unreasonableness," and "[w]e will not disturb a trial court's exercise of discretion unless no reasonable person would adopt the

---

[4] Because we will affirm, we need not consider Kushimo's third argument that the intended loss from the credit cards should be reassessed if this case is remanded.

7

district court's view." *United States v. Tomko*, 562 F.3d 558, 565 (3d Cir. 2009) (en banc) (alteration in original) (citation omitted).

Kushimo's sentence was not substantively unreasonable. He received a sentence of 72 months on the conspiracy count, 25 months below the low end of his Guidelines range on this count, and the District Court exercised its discretion to require that his sentence of 24 months for only one of the nine identity theft counts run consecutively, as required by statute. His sentence is far below the statutory maximum. Moreover, the Court discussed at length Kushimo's personal culpability based on his integral role in the conspiracy. Thus, it did not abuse its discretion.

For these reasons, we will affirm in all respects.