

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-19-2007

# USA v. Williams

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5539

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Williams" (2007). *2007 Decisions.* Paper 1458.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1458

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 05-5539

———

UNITED STATES OF AMERICA,

Appellee

v.

THOMAS EARL WILLIAMS,

Appellant

———

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 04-cr-00475-01)
District Judge: Honorable Anita B. Brody

———

Submitted pursuant to Third Circuit L.A.R. 34.1(a)
March 13, 2007

Before: FUENTES, VAN ANTWERPEN, and SILER[*], Circuit Judges.

(Filed March 19, 2007)

———

OPINION OF THE COURT

———

_____

   [*] The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth
Circuit, sitting by designation.

SILER, Circuit Judge.

In 2005, Thomas Earl Williams pled guilty to charges of conspiracy to make false statements to a federally licensed firearms dealer, 18 U.S.C. § 371; providing false information to federal firearms licensees, and aiding and abetting, 18 U.S.C. § 922(a)(6); and being a convicted felon in possession of a firearm, 18 U.S.C. § 922(g)(1). He was sentenced to 104 months' incarceration, three years of supervised release, a fine of $1,500, and a $900 special assessment. He sought to appeal various aspects of his sentence, but his appointed counsel filed a motion and supporting brief pursuant to Third Circuit Local Appellate Rule 109.2(a) and *Anders v. California*, 386 U.S. 738 (1967), seeking to withdraw because there were no non-frivolous arguments on appeal. We affirm.

In his *Anders* brief, Williams's counsel stated that the two arguments which Williams sought to advance, that the District Court erred in imposing a four-point enhancement based on the number of firearms and another four-point enhancement for his leadership role in the conspiracy, were frivolous. Williams was given notice of his counsel's *Anders* brief and an opportunity to file a *pro se* brief advancing any arguments that he deemed non-frivolous. His *pro se* brief raises the same issues found frivolous by his counsel's *Anders* brief.

Counsel's *Anders* brief adequately demonstrates that he has reviewed the record for non-frivolous appealable issues and why any arguments are frivolous. "Where the *Anders* brief initially appears adequate on its face, the proper course 'is for the appellate court to be guided in reviewing the record by the *Anders* brief itself.'" *United States v.*

*Youla*, 241 F.3d 296, 301 (3d Cir. 2001) (quoting *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996)).  Our review of the record and case law, guided by the *Anders* brief, reveals that Williams's appeal presents no non-frivolous issues.

The first issue identified by the *Anders* brief as arguably non-frivolous is that the District Court improperly applied a four-level enhancement pursuant to United States Sentencing Guidelines § 2K2.1(b)(1)(B) because (1) he pled to offenses that included only seven firearms, not the eleven firearms used by the District Court to impose this enhancement, and (2) the District Court failed to articulate facts establishing the number of firearms.

First, Williams's guilty plea to the specific facts in the indictment renders his challenge to the number of firearms meritless.  The indictment clearly alleges the attempted acquisition of four firearms in Count Two and the acquisition of seven additional firearms in Counts Three and Four.  The indictment also gave notice of additional factors charging that Williams committed an offense involving eight to twenty-four firearms, as described by § 2K2.1(b)(1)(B).

Williams's argument that the District Court failed to articulate facts establishing the number of firearms is similarly without merit.  His presentence report (PSR) concluded that the offense with which he was charged involved between eight and twenty-four firearms.  Williams never objected to this portion of the PSR even though he objected to two other conclusions.  Therefore, the District Court was permitted to rely on this fact.  *See United States v. Watkins*, 54 F.3d 163, 166-67 (3d Cir. 1995).

The second arguably non-frivolous issue is the District Court's application of the

four-level enhancement for Williams's role as a manager or leader pursuant to § 3B1.1(a). Williams claims that this enhancement should not have applied because (1) the offense did not involve at least five people, and (2) the District Court made no explicit factual findings, such as who had decision-making authority, who could share the profits, the nature and scope of the illegal activity, and the degree of control exerted over the participants.

The § 3B1.1(a) enhancement was proper because the conspiracy involved at least five participants. Four co-defendants – Janet Street, Charlene Parker, James Brown, and James Rivers – pled guilty to the same conspiracy and therefore qualified as four of the five participants. Williams counted as the fifth person necessary for the enhancement. *See United States v. Inigo*, 925 F.2d 641, 660 (3d Cir. 1991) (counting defendant as one of the required five participants supporting a § 3B1.1(a) enhancement).

Finally, the District Court made sufficient factual findings that Williams qualified as an organizer or leader. There was a lengthy discussion at sentencing regarding the exact nature of Williams's role in the conspiracy, but the District Court ultimately concluded that the enhancement should apply:

> He's an organizer and leader . . . . [H]e may have not himself recruited one or more of them, but he certainly was the moving force to get them recruited. I think that the Government's right about that.

> And he seems to be the kingpin in Pennsylvania. There may have been other kingpins other places, but it seems to me that he was an organizer or leader of a criminal activity here and that he would get the – I think he would get the four level.

Analysis of the detailed list of factors suggested by Williams is unnecessary so long as

the government showed sufficient authority to justify the enhancement. *See United States v. Bass*, 54 F.3d 125, 128-29 (3d Cir. 1995).

Furthermore, having conducted our own independent review of the record, we agree with Williams's counsel and the government that this case presents no non-frivolous issues for appeal. *See Youla*, 241 F.3d at 300 (requiring us to ask "whether an independent review of the record presents any non-frivolous issues").

AFFIRMED.