

1996 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-19-1996

# United States v. Bennett

Precedential or Non-Precedential:

Docket 95-2079

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1996

Recommended Citation

"United States v. Bennett" (1996). *1996 Decisions*. Paper 29.
http://digitalcommons.law.villanova.edu/thirdcircuit_1996/29

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1996 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


NO. 95-2079


UNITED STATES OF AMERICA

v.

ROY TERRY BENNETT,
aka TERRY KING


Roy Terry Bennett,
Appellant


On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Crim. Action No. 95-cr-00353)


Argued October 24, 1996

BEFORE:  STAPLETON and NYGAARD, Circuit Judges,
and MAZZONE, District Judge*

(Opinion Filed  November 19, l996)



Elaine DeMasse    (Argued)
Assistant Defender
Senior Appellate Counsel

Robert Epstein    (Argued)
Maureen Kearney Rowley
Chief Federal Defender
Defender Association of
 Philadelphia
Federal Court Division
437 Chestnut Street, Suite 800
Lafayette Building
Philadelphia, PA  19106

Attorneys for Appellant



* Honorable A. David Mazzone, United States District Judge for
  the District of Massachusetts, sitting by designation.

                    Michael R. Stiles
                    United States Attorney
                    Walter S. Batty, Jr.
                    Assistant United States Attorney
                    Chief of Appeals

                     Thomas H. Suddath, Jr.
                    Howard L. Perzan    (Argued)
                    Assistant United States Attorney
                    615 Chestnut Street
                    Suite 1250
                    Philadelphia, PA  19106-4476

                          Attorneys for Appellee

                    OPINION OF THE COURT

STAPLETON, Circuit Judge:


        Roy Terry Bennett appeals from a sentence imposed by the district court.  He contends that the district court erred in sentencing him as an armed career criminal under 18 U.S.C. § 924(e) and in assuming that the cocaine base involved in his offense was crack cocaine.  Bennett also claims that the district court improperly delegated to the probation officer matters concerning payment of the fine imposed as part of his sentence. We conclude that the record is sufficient to confirm Bennett's eligibility for sentencing as an armed career criminal but we remand to the district court for further proceedings to determine whether the cocaine base involved here was crack and to establish the fine repayment schedule.

                                I.

        Bennett pled guilty to three federal firearms charges and one federal drug charge in September 1995.  The three firearms violations were for making false statements in connection with acquisition of a firearm, 18 U.S.C. § 922(a)(6), possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1), and possession of a firearm with an obliterated serial number, 18 U.S.C. § 922(k).  Bennett also pled guilty to distributing cocaine, a violation of 21 U.S.C. § 841(a)(1).

        The government moved to have Bennett sentenced for his § 922(g) firearms violation under the Armed Career Criminal Act. 18 U.S.C. § 924(e) [hereinafter "ACCA" or "§ 924(e)"].  Under the ACCA, a person who violates § 922(g) and has been previously convicted of three "violent felonies" or "serious drug offenses" must be sentenced to a mandatory minimum of fifteen years imprisonment and fined up to $25,000.  Id.  Prior to his present federal convictions, Bennett had been convicted three times of

burglary in Pennsylvania.

In determining Bennett's sentence for the distribution of cocaine conviction, the court adopted the Presentence Report's application of the sentencing guideline for distribution of crack cocaine. U.S.S.G. § 2D1.1. Applying the relevant guidelines for grouping offenses and for determining the offense level when there are multiple counts, and factoring in Bennett's acceptance of responsibility for his criminal acts, the court found that the applicable guideline range in the absence of the ACCA would have been 135 to 168 months. Because this was less than the mandatory minimum required by the ACCA, and because it determined that the ACCA was applicable, the district court concluded that the effective guideline range was 180 months. As a result of Bennett's cooperation with the government in other criminal investigations, the government requested a moderate downward departure from the applicable guideline range. The court granted this request and sentenced Bennett to 130 months imprisonment, followed by sixty months of supervised release, and imposed a fine of $2,500.

Bennett presents four issues for review. We will address each of them in turn.

II.

Bennett's first argument on appeal is that the district court erred in treating his three Pennsylvania burglary convictions as predicate offenses within the scope of § 924(e). Specifically, Bennett contends that Pennsylvania's burglary statute is broader than the generic definition of burglary Congress incorporated into § 924(e). If Pennsylvania's burglary statute is broader than generic burglary, the government had the burden of proving that, for each of Bennett's three burglary convictions, the trier of fact necessarily found all of the elements of generic burglary. See United States v. Taylor, 495 U.S. 575, 602 (1990). Bennett contends that the government failed to meet this burden.

The government responds that Pennsylvania's burglary statute is generic, as a previous panel of this court has stated. See United States v. Watkins, 54 F.3d 163, 168 n.2 (3d Cir. 1995). Therefore, the government continues, the government satisfied its burden of proving Bennett's eligibility for ACCA sentence enhancement merely by showing that Bennett had been convicted of Pennsylvania burglary on three prior occasions. Alternatively, the government argues that the record is sufficient to show that the trier of fact necessarily found all of the elements of generic burglary in convicting Bennett for each of his three burglary offenses.

The question of whether Pennsylvania's burglary statute is "generic" arises because we must only apply the ACCA's mandatory minimum sentence to individuals whom Congress considered to be armed career criminals. Congress, naturally, identified armed career criminals by their prior conduct. Section 924(e) states that the mandatory minimum must be applied to individuals who violate § 922(g) and who also have three previous convictions "for a violent felony or a serious drug

offense, or both, committed on occasions different from one another."  18 U.S.C. § 924(e)(1).  Because different jurisdictions have different views as to what constitutes a "violent felony" or a "serious drug offense," Congress had to define these terms for purposes of § 924(e).  As relevant here, Congress provided that,

> the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year . . . that--
> > (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> > (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another . . . .

18 U.S.C. § 924(e)(2)(B).

In Taylor, the Supreme Court construed § 924(e) and concluded that, within the context of the ACCA, "burglary" means generic burglary.  495 U.S. at 598-99.  Looking to the Model Penal Code and the definition of burglary in use in many states, the Court concluded that

> a person has been convicted of burglary for purposes of a § 924(e) enhancement if he is convicted of any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime.

Id. at 599.

Where a state defines burglary in a manner that "substantially corresponds" to Congress's generic definition of burglary, any conviction under that state's burglary statute can be used as a predicate offense for § 924(e) sentence enhancement.  Id. at 602.  Moreover, where a state defines burglary more narrowly than this generic view -- for example, if the unlawful entry must be at night, or if the intent must be an intent to commit not just any crime but to commit a felony -- then any conviction may still be used as a predicate offense, since the defendant's conviction necessarily implies that the defendant was found guilty of all the elements of generic burglary.  See id. at 599.

However, some states define burglary more broadly than Congress's generic definition -- for example, "by eliminating the requirement that the entry be unlawful, or by including places, such as automobiles and vending machines, other than buildings." Id.; see also id. (noting that Missouri burglary statute including breaking and entering of booth, tent, boat, vessel, or railroad car was broader than generic burglary).  A conviction under one of these broader burglary statutes cannot automatically

serve as a predicate offense for purposes of § 924(e) because the conduct leading to the conviction, while constituting burglary under the state's broad definition of burglary, may not have constituted burglary as Congress understood the term. Therefore, when a prior burglary conviction has occurred under a definition of burglary broader than Congress's generic definition of burglary, that conviction may only serve as a predicate offense for § 924(e) sentence enhancement if the court concludes that the trier of fact actually found all of the elements of generic burglary in convicting the defendant. See id. at 602.

All three of Bennett's prior convictions arose under Pennsylvania's single burglary statute. 18 Pa. Cons. Stat. Ann. § 3502(a) [hereinafter "§ 3502"] defines the offense of burglary as follows:

> A person is guilty of burglary if he enters a building or occupied structure, or separately secured or occupied portion thereof, with intent to commit a crime therein, unless the premises are at the time open to the public or the actor is licensed or privileged to enter.

"Occupied structure" is separately defined as:

> Any structure, vehicle or place adapted for overnight accommodation of persons, or for carrying on business therein, whether or not a person is actually present.

18 Pa. Cons. Stat. Ann. § 3501.

We find that Pennsylvania's broad definition of "occupied structure" makes Pennsylvania's burglary statute broader than Congress's generic view of burglary. Pennsylvania's statute is broader than generic burglary in two ways. First, Pennsylvania includes within its definition of occupied structure any vehicle adapted for overnight accommodations or for business. 18 Pa. Cons. Stat. Ann. § 3501. In Pennsylvania, therefore, one may be guilty of burglary for unlawfully entering an automobile or other vehicle. As the Pennsylvania Supreme Court recently stated, "The inclusion of 'any vehicle' in the statute demonstrates that the legislature did not intend to limit this statute to buildings." Commonwealth v. Hagan, 654 A.2d 541, 545 (Pa. 1995). According to the U.S. Supreme Court in Taylor, however, a state burglary statute "including places, such as automobiles and vending machines, other than buildings," is a statute that defines burglary more broadly than Congress's generic definition. 495 U.S. at 599; see also United States v. Barney, 955 F.2d 635, 639 (10th Cir. 1992); United States v. Payton, 918 F.2d 54, 55 (8th Cir. 1990); United States v. Lane, 909 F.2d 895, 902 (6th Cir. 1990).

Second, Pennsylvania includes as burglary unlawful entry of any place adapted for "carrying on business." 18 Pa. Cons. Stat. Ann. § 3501. "By defining 'occupied structure' to

include 'places adapted for carrying on business,' the legislature extended to businesses, which are not always confined to structures made up of walls and a roof, the same protection from intrusion it afforded to dwellings, which traditionally are within buildings."  Commonwealth v. Evans, 574 A.2d 1051, 1054 (Pa. Super. 1990); see also Hagan, 654 A.2d at 541 (affirming conviction for Pennsylvania burglary for unlawful entry of fenced-off outdoor storage area).  Given Pennsylvania's broad definition, it would be possible for a person to be convicted of burglary for unlawful entry into a yard where commercial activity occurs.  That person would not be guilty of "burglary" within the meaning of § 924(e), however.

In arguing that Pennsylvania's burglary statute is consistent with generic burglary, the government relies on this court's opinion in Watkins.  54 F.3d at 163.  It is true that in Watkins, in a footnote, we stated that the same burglary statute involved here "defines burglary in a manner consistent with, though somewhat more narrowly than, the generic 'burglary' that Congress intended in § 924(e)(2)(B)(ii)."  Id. at 168 n.2.  We are not bound by this statement because, as both parties here agree, it was dicta.  The single issue before the court in Watkins was whether to establish, as a prerequisite for imposing § 924(e) sentence enhancement, that the court be presented with certified copies of the judgment of conviction for each of the defendant's prior convictions.  See id. at 166.  We held that certified copies of judgments are not necessary and that the evidence before the sentencing court was adequate to confirm the defendant's eligibility for sentencing under § 924(e).  See id.at 168.  In reaching our conclusion in Watkins, we noted that the defendant did not contend either that Pennsylvania's burglary statute was broader than generic burglary or that the trier of fact had failed to find all of the elements of generic burglary for his prior convictions.  See id.  Neither party had briefed or argued the issue of whether Pennsylvania's burglary statute is generic.  A court's statement concerning an issue not raised on appeal is dicta.  See Pansy v. Borough of Stroudsburg, 23 F.3d 772, 778 n.4 (3d Cir. 1994).  Therefore, our footnote in Watkinsis not binding precedent.

Since we have concluded that Pennsylvania's burglary statute is broader than § 924(e)'s generic definition of burglary, Bennett's enhanced sentence may only be affirmed if all of the elements of generic burglary were necessarily found for each of his three burglary convictions.  See Taylor, 495 U.S. at 602.  In this situation, we may look, for each prior conviction, to the indictment or information and jury instructions, see id., and the certified record of conviction, see U.S. v. Preston, 910 F.2d 81, 85 (3d Cir. 1990).

Here the government did not introduce the charging instruments, jury instructions, or certified records of conviction for any of Bennett's burglary convictions.  However, Bennett's district court counsel volunteered sufficient information concerning the conduct leading to Bennett's burglary convictions to satisfy us that the trier of fact necessarily found all of the elements of generic burglary for each of those

prior convictions.  Details of those convictions were provided by defense counsel in a letter to Bennett's probation officer, seeApp. at 24a, a letter to the sentencing judge, see id. at 25a–26a, and during the sentencing hearing, see id. at 34a, 56a. Defense counsel explained that Bennett's 1982 conviction involved removing a window from a Fotomat booth and stealing film, the 1983 conviction involved burglary of a variety store, and the 1990 conviction involved throwing a brick through a bakery window.  See id. at 26a, 34a, 56a.

Though Bennett asserts it is the government's burden to convince the court that his prior convictions were predicate offenses for purposes of § 924(e), nothing in Taylor or in any of our own circuit precedents prevents a court from relying on information having its source in the defense rather than in the prosecution.  We find that, on the record before us, including especially the admissions of Bennett's district court counsel, Bennett's convictions necessarily included all of the elements of generic burglary.  Therefore, we affirm the district court's conclusion that Bennett is eligible for sentence enhancement as an armed career criminal under § 924(e).

## III.

Bennett's brief argues that his 1990 conviction could not be used to qualify him for sentence enhancement under § 924(e) because Bennett failed to appear for sentencing on that conviction.  However, as Bennett conceded just prior to oral argument, our recent decision in Jefferson, 88 F.3d at 240, settles this issue against him.  In Jefferson, we concluded that "the choice-of-law clause of section 921(a)(20) requires that the law of the jurisdiction in which the prior proceeding was held determine whether an offense constitutes a 'previous conviction.'"  Id. at 242.  Since the defendant in Jefferson had been adjudicated but not sentenced for a Pennsylvania offense, we then had to determine whether Pennsylvania requires sentencing in order to count a prior "conviction" for purposes of sentence enhancement.  We found:

> The law of Pennsylvania on this issue, then, appears settled: an adjudication of guilt, even though unaccompanied by sentencing, is a conviction for the purpose of enhanced sentencing so long as the adjudication was made before the commission of the current offense.

Id. at 243.

Though Bennett has asked us to reconsider Jefferson, we are bound by our prior decision.  The adjudication of Bennett's final Pennsylvania burglary conviction occurred on October 10, 1990.  The commission of the federal firearms offenses occurred between September 8, 1992 and January 6, 1994.  Therefore, Bennett's 1990 burglary conviction is a prior "conviction" for purposes of § 924(e) sentence enhancement.

## IV.

The government concedes that remand is required on the final two issues pressed by Bennett.

In sentencing Bennett for his drug offense, the district court applied the sentencing guideline for "cocaine base," U.S.S.G. § 2D1.1, and the mandatory minimum sentence of five years imprisonment in the statute penalizing distribution of "cocaine base," 21 U.S.C. § 841(b)(1)(B)(iii).  Bennett argues that application of this sentencing guideline and this statutory provision was error because § 2D1.1 defines "cocaine base" as "crack," and the government failed to prove that the cocaine base involved here was crack.  The government does not oppose remand for a further sentencing hearing at which both sides will be permitted to present evidence on whether the cocaine base involved in Bennett's offense was crack cocaine.  We will remand for the district court to conduct such proceedings.

Finally, both parties agree that the district court erred by delegating to the probation officer the task of establishing the installment schedule by which Bennett will pay the fine imposed as part of his sentence.  We held that such a delegation is improper in United States v. Graham, 72 F.3d 352, 356–57 (3d Cir. 1995), a case decided after Bennett was sentenced.  As Graham directs, and as the parties agree, Bennett's case must be remanded for the district court to set the fine repayment schedule.

## V.

Thus, while we agree with the district court that § 924(e) is applicable here, we will reverse the judgment of sentence and remand this case to the district court for resentencing proceedings consistent with this opinion.

_____