

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-27-2007

# USA v. Spann

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3816

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Spann" (2007). *2007 Decisions.* Paper 692.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/692

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-3816
_____


UNITED STATES OF AMERICA,

Appellee,

v.

JOHN SPANN,

Appellant.
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 04-CR-00758)
District Court Judge: The Honorable Lawrence F. Stengel
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
April 24, 2007

BEFORE: SCIRICA, <u>Chief Judge</u>, FUENTES and ALARCÓN,[*] <u>Circuit Judges</u>.

(Filed: July 27, 2007)



_____

---

[*] The Honorable Arthur L. Alarcón, Senior Judge of the United States Court of
Appeals for the Ninth Circuit, sitting by designation.

OPINION OF THE COURT

FUENTES, Circuit Judge.

John Spann was convicted by a jury of possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1). After determining that Spann had been convicted of three previous felonies, the District Court enhanced his sentence pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). The Court then calculated a Sentencing Guidelines range of 188 to 235 months, and sentenced Spann to 188 months in prison. On appeal, Spann argues that the government's failure to charge his three previous convictions in the indictment and to prove them to the jury beyond a reasonable doubt violated his Fifth and Sixth Amendment rights. For the reasons that follow, we will affirm.

## I.

On October 25, 2003, while driving in Philadelphia, Spann collided with a public city bus. A police officer who arrived at the scene found Spann staggering around his vehicle, smelled alcohol on his breath, and observed that his eyes looked bloodshot. The officer requested Spann's license and registration, and, as Spann reached into the car, observed him knock a black object from the rear seat onto the floor. After ordering Spann to step aside, the officer retrieved a loaded shotgun from the vehicle.

Spann was indicted on December 2, 2004, and charged with one count of

possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). During

a three-day trial, the government offered proof by stipulation that Spann had been

convicted of one previous, unspecified felony. The jury found Spann guilty.

At sentencing on August 2, 2005, the District Court determined that Spann had in

fact been convicted of three previous felonies, two aggravated assaults and one burglary.

The Court therefore concluded that he was subject to an increased sentence pursuant to

the ACCA, which provides that a person convicted under § 922(g) after three previous

convictions "for a violent felony or a serious drug offense . . . shall be fined under this

title and imprisoned not less than fifteen years." 18 U.S.C. § 924(e). The Court

sentenced Spann to 188 months, and this appeal followed.

We exercise jurisdiction over an appeal of a final decision of a district court

pursuant to 28 U.S.C. § 1291, and over a final sentence pursuant to 18 U.S.C. § 3742.

Because Spann raises issues of statutory and constitutional interpretation on appeal, our

review is plenary. United States v. Lennon, 372 F.3d 535, 538 (3d Cir. 2004).

**II.**

Spann argues that, because his three previous felony convictions made him eligible

for an enhanced prison sentence under the ACCA, the government should have charged

all three convictions as elements of the offense in the indictment[1] and proven them to the

jury beyond a reasonable doubt. He claims that the government's failure to do so violated

---

[1] The government did attach to Spann's indictment a Notice of Prior Convictions, which stated that Spann had three previous felony convictions, two for aggravated assault and one for burglary.

3

his Fifth and Sixth Amendment rights.

The Supreme Court, however, held in Almendarez-Torres v. United States, 523 U.S. 224 (1998), that recidivism is not an element of the offense and therefore may be determined by a district court for the purpose of enhancing a statutorily prescribed prison sentence. Id. at 239, 243-44. Spann correctly notes that the holding of Almendarez-Torres has been questioned by subsequent Supreme Court opinions such as Apprendi v. New Jersey, 530 U.S. 466, 489 (2000) ("[I]t is arguable that Almendarez-Torres was incorrectly decided."), and Justice Thomas's concurrence in Shepard v. United States, 544 U.S. 13, 27 (2005) ("Almendarez-Torres . . . has been eroded by this Court's subsequent Sixth Amendment jurisprudence, and a majority of the Court now recognizes that Almendarez-Torres was wrongly decided."). However, the Court in Apprendi declined to overrule Almendarez-Torres and explicitly exempted prior convictions from its holding. 530 U.S. at 490 ("*Other than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.") (emphasis added). In addition, subsequent to Shepard, we have held that Almendarez-Torres remains binding law and that we must therefore continue to apply it. See United States v. Vargas, 477 F.3d 94, 105 (3d Cir. 2007) ("[T]he Supreme Court has yet to overrule [Almendarez-Torres]. As a consequence, it continues to bind our decisions."); United States v. Coleman, 451 F.3d 154, 161 (3d Cir. 2006) ("Shepard did not affect the continuing validity of Almendarez-Torres.").

4

Spann in fact concedes that <u>Almendarez-Torres</u> precludes his Fifth Amendment claim, but asserts that <u>Almendarez-Torres</u> does not affect his Sixth Amendment claim. We rejected precisely this argument in <u>Vargas</u>.  477 F.3d at 105.

**III.**

Because Spann's claims are foreclosed by <u>Almendarez-Torres</u> and our subsequent case law, we will affirm the sentence imposed by the District Court.