

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-21-2008

# USA v. Richard Hughes

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2107

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Richard Hughes" (2008). *2008 Decisions*. Paper 1562.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1562

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-2107

UNITED STATES OF AMERICA

v.

RICHARD HUGHES,
Appellant

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal No. 05-cr-00153)
District Judge:  Honorable Arthur J. Schwab

Submitted Under Third Circuit LAR 34.1(a)
January 31, 2008

Before:  RENDELL and CHAGARES, Circuit Judges,
and POLLAK, *District Judge.

(Filed:  February 21, 2008)

OPINION OF THE COURT

*Honorable Louis H. Pollak, Senior Judge of the United States District Court for
the Eastern District of Pennsylvania, sitting by designation.

RENDELL, *Circuit Judge*.

Richard Hughes was charged with possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). He pled guilty on October 18, 2005, and, on March 24, 2006, the District Court sentenced Hughes to the mandatory minimum sentence of 15 years' incarceration pursuant to the Armed Career Criminal Act, 18 U.S.C. § 924(e). Hughes timely appealed. Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), requesting permission to withdraw because he is unable to find any non-frivolous issues for appeal after a conscientious review of the record. Hughes was given notice of his counsel's intent to withdraw and has not filed a *pro se* brief. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). For the reasons stated below, we will grant counsel's motion to withdraw and affirm the District Court's judgment of sentence.

Evaluation of an *Anders* brief requires a twofold inquiry: (1) whether counsel has thoroughly examined the record for appealable issues and has explained why any such issues are frivolous; and (2) whether an independent review of the record presents any nonfrivolous issues. *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001). Where the *Anders* brief appears adequate on its face, our review is limited to the portions of the record identified in the brief, along with any issues raised by an appellant in a *pro se* brief. *See id.* at 301. We conclude that the brief in this case is adequate, and, in the absence of a *pro se* brief by the appellant, it will guide our independent review of the

record.

Pursuant to his obligation under the first prong of our analysis, counsel has identified several potential, but frivolous, issues. By entering an unconditional guilty plea to two Counts, Hughes waived all claims for appellate relief with the exception of claims (1) that the court lacked jurisdiction to accept the plea, (2) that the plea is invalid under applicable statutory and constitutional standards, and (3) that the sentence is illegal. *See United States v. Broce*, 488 U.S. 563 (1989). Neither of the first two categories of unwaived claims applies as the Court had jurisdiction under 18 U.S.C. § 3231 and the Change of Plea hearing shows that the guilty plea was valid, knowing, and voluntary pursuant to Fed. R. Crim. P. 11 and *Boykin v. Alabama*, 395 U.S. 238 (1969). Counsel identifies three issues related to Hughes' sentence.

First, counsel raises the issue of the applicability of the Armed Career Criminal Act (ACCA) to Hughes. Hughes incurred more than the three prior convictions necessary for the ACCA to apply. Hughes' criminal record includes a plea of guilty to burglary in 1989 and a plea of guilty to 17 counts of burglary in 1991. PSR ¶¶38, 44 & 45. Although 17 of the prior convictions result from a single judicial proceeding, they arise from separate criminal episodes on 16 different dates and in 12 separate locations and thus are treated as multiple convictions. *See United States v. Randolph*, 364 F.3d 118, 123-24 (3d Cir. 2004). Counsel also notes that Hughes received more than constitutionally adequate notice of the government's intention to seek the enhanced sentence under the ACCA. *See*

*United States v. Mack*, 229 F.3d 226, 231-32 (3d Cir. 2000). In particular, the Indictment charged Hughes with violating 18 U.S.C. §§ 922(g)(1) and 924(e).

Second, counsel recognizes that the government met its burden of proof to support the mandatory minimum sentence under the ACCA such that any argument based on the burden of proof would be frivolous. At sentencing, both Hughes and his trial counsel admitted that the seventeen prior burglaries included all of the elements of generic burglary and therefore qualified as predicate offenses for the purposes of the ACCA. *See United States v. Bennett*, 100 F.3d 1105, 1107-10 (3d Cir. 1996).

Last, a review of the sentencing transcript reveals that the District Court complied with all of the requirements of Fed. R. Crim. P. 32 that were applicable in Hughes' case.

Our independent review of the record yields no other non-frivolous arguments that could possibly support an appeal and we are satisfied that all the requirements of *Anders* have been met. Accordingly, we will AFFIRM the judgment of the District Court and, in a separate order, GRANT counsel's motion to withdraw.