ALD-038                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3941
_____

IN RE: JOHN SPANN,
                                    Petitioner
_____

On a Petition for Writ of Mandamus from
the United States District Court
for the Eastern District of Pennsylvania
(Related to D.C. Crim. No. 04-cr-00758 )
_____

Submitted Pursuant to Fed. R. App. Pro. 21
November 12, 2010

Before:  SCIRICA, HARDIMAN and VANASKIE, Circuit Judges

(Filed: December 8, 2010)
_____

OPINION OF THE COURT
_____

PER CURIAM.

         Petitioner John Spann was convicted following a jury trial of possession of

a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1).  At sentencing, the

Government submitted copies of court records reflecting Spann's prior convictions for

violent felonies in order to establish his status as an armed career criminal under 18

U.S.C. § 924(e).  These convictions included a 1980 state burglary conviction and 1987

and 1991 aggravated assault convictions. The District Court found that Spann is an armed career criminal under the Armed Career Criminal Act ("ACCA"), and imposed a term of imprisonment of 188 months. We affirmed on direct appeal, rejecting Spann's argument that the Government's failure to charge his prior convictions in the indictment and prove them to the jury beyond a reasonable doubt violated his Fifth and Sixth Amendment rights. United States v. Spann, 243 Fed. Appx. 689 (3d Cir. 2007) (three prior felony convictions did not have to be alleged in indictment, submitted to jury, and proven beyond reasonable doubt, as grounds for enhancing sentence).

On January 6, 2009, Spann filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255 in the sentencing court, raising the following claims: (1) his state burglary conviction did not qualify as a predicate offense for purposes of the ACCA; and (2) his counsel was ineffective for failing to investigate his status as an armed career criminal. In an order entered on July 13, 2009, the District Court denied the section 2255 motion on the merits. The District Court recognized that the ACCA provides for a 15-year minimum sentence for any person who violates § 922(g) and has three previous "violent felony" convictions. 18 U.S.C. § 924(e)(1). A "violent felony" is defined in part as "any crime punishable by imprisonment for a term exceeding one year ... that – ... (ii) is burglary ...." Id. § 924(e)(2)(B)(ii). "Burglary" means generic burglary, or "an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." Taylor v. United States, 495 U.S. 575, 598 (1990). Where a defendant is convicted under a burglary statute and the definition of burglary is broader than the

2

generic definition, such a conviction may qualify as a predicate offense under the ACCA only if the indictment or information and jury instructions actually required the jury to find the elements of generic burglary in order to convict the defendant. Id. at 602.

Pennsylvania's burglary statute, 18 Pa. Cons. Stat. § 3502(a), is broader than § 924(e)'s generic definition of burglary because it encompasses the unlawful entry of certain vehicles and places adapted for carrying on business which are not in an enclosed structure. United States v. Bennett, 100 F.3d 1105, 1109 (3d Cir. 1996). To determine whether the jury was required to find the elements of generic burglary to convict Spann, the District Court considered the criminal information, which reflected that Spann was charged with entering a residence at 1927 S. 8th Street in Philadelphia with the intent to commit a theft of currency and household items. See Shepard v. United States, 544 U.S. 13, 25-26 (2005) (court may review charging document and comparable judicial records to determine whether crime involved generic burglary); Bennett, 100 F.3d at 1110 (same). Because Spann's burglary conviction was based on his unlawful entry of a building with the intent to commit a crime, which fits the generic definition of burglary, it was properly used as a predicate offense for purposes of the ACCA.

Spann appealed, but we denied his application for a certificate of appealability on April 22, 2010 in United States v. Spann, C.A. No. 10-1379. Meanwhile, on February 1, 2010, Spann filed a motion in the sentencing court for relief under Rules 60(b)(1) and 59(e). Spann contended that the section 2255 proceedings should be reopened on the basis of Begay v. United States, 128 S. Ct. 1581 (2008)

3

(driving under influence does not constitute violent felony), and because he had been deprived of his right to file post-judgment motions. In an order entered on March 5, 2010, the District Court denied the motion, explaining that there was no clear error in the court's original decision to deny section 2255 relief. On October 6, 2010, we denied Spann a certificate of appealability, stating: "The denial of a Rule 60(b) motion is reviewed for an abuse of discretion. See Brown v. Phila. Housing Authority, 350 F.3d 338, 342 (3d Cir. 2003). The District Court did not abuse its discretion in denying appellant's motion, because Begay v. United States, 128 S. Ct. 1581 (2008), does not support appellant's argument that his burglary conviction, with respect to whether it constitutes a violent felony, is similar in kind as well as in degree of risk posed to a conviction for driving under the influence."

Spann now files a petition for a writ of mandamus under 28 U.S.C. § 1651 in this Court, in which he has again challenged the use of his state burglary conviction to enhance his sentence under the ACCA. Spann contends that justice requires consideration of the fact that he "burglarized a single home, which was observed for any occupants once the owner had left. This observation for others thus negated the possibility of confrontation and physical contact with the Petitioner, thus risk to any party was virtually nil." (Petition, at 20.) In arguing that his burglary conviction does not constitute a "generic burglary" under the ACCA's residual clause, Spann relies upon two new decisions he says were not previously available to him. In the first, Chambers v. United States, 129 S. Ct. 687, 691-92 (U.S. 2009), the United States Supreme Court held

4

that the State of Illinois' failure-to-report to a penal institution offense did not have as an element the use, attempted use, or threatened use of physical force.  It was a relatively passive offense calling for inaction that did not involve conduct presenting a serious potential risk of physical injury to another, and thus did not qualify as a "violent felony" under the ACCA.  See id. at 692.  In the second, our Not Precedential decision in United States v. Lewis, 330 Fed. Appx. 353 (3d Cir. 2009), we held that a burglary conviction under an Ohio statute in effect in 1991 did not constitute a violent felony under the ACCA.  There, we reasoned that, under the Ohio statute, burglary involves no likelihood of presence "if committed at a time when the occupants are normally absent for a reason like work or school, and no one else has any reason to be there."  Id. at 364.

We will deny the petition for writ of mandamus.  Our jurisdiction derives from 28 U.S.C. § 1651, which grants us the power to "issue all writs necessary or appropriate in aid of (our) . . . jurisdiction and agreeable to the usages and principles of law."  A writ of mandamus is an extreme remedy that is invoked only in extraordinary situations.  See Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976).  To justify the use of this extraordinary remedy, a petitioner must show both a clear and indisputable right to the writ and that he has no other adequate means to obtain the relief desired.  See Haines v. Liggett Group Inc., 975 F.2d 81, 89 (3d Cir. 1992).  "Given its drastic nature, a writ of mandamus should not be issued where relief may be obtained through an ordinary appeal."  In re: Nwanze, 242 F.3d 521, 524 (3d Cir. 2001) (quoting  Hahnemann University Hospital v. Edgar, 74 F.3d 456, 461 (3d Cir.1996)).

Spann contends that he has no other adequate means to obtain the relief he desires. We do not agree that Spann can satisfy this mandamus requirement. Although Chambers and Lewis are relatively new cases, Spann's argument that his state burglary conviction does not qualify as a predicate offense under the ACCA dates back to his original section 2255 motion. Spann took advantage of a proper means to present his argument, collateral review. The fact that he is now barred by AEDPA's restrictions on filing a successive section 2255 motion does not make mandamus an available remedy. Mandamus does not become available simply because the sentencing court previously denied relief under section 2255 or because the gatekeeping provisions of section 2255 make it difficult to pursue a successive motion. Cf. In re Dorsainvil, 119 F.3d 245, 251 (3d Cir.1997) (federal habeas corpus petition not available simply because petitioner cannot meet AEDPA's stringent gatekeeping requirements). Moreover, both Chambers and Lewis were issued in 2009, and so Spann could have argued them in his 2010 Rule 60(b) motion, which was considered and denied on the merits.

For the foregoing reasons, we will deny the petition for writ of mandamus.